entered June 21, 1918, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting defendant of a violation of subdivision 2 of section 161 of the Labor Law prohibiting the employment of females in mercantile establishments after the hour of ten P. M. Defendant, a corporation engaged in the drug business, contended that the working hours of its employees are fixed by section 236 of the Public Health Law. The prosecution was based upon the theory that the defendant's store sold other things besides " drugs, medicines, chemicals, prescriptions or poisons " and, therefore, constituted a mercantile establishment within the meaning of the Labor Law.

*Junius Parker, Morgan J. O'Brien, Roy M. Sterne* and *Vincent H. Rothwell* for appellant.

*Edward Swann, District·Attorney (Robert C. Taylor* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO, CRANE and ANDREWS, JJ.

---

AGATHA M. HERKE, as Administratrix of the Estate of FREDERICK C. HERKE, Deceased, Respondent, *v.* SOUTH BUFFALO RAILWAY COMPANY, Appellant.

*Herke v. South Buffalo Railway Co.*, 185 App. Div. 945, affirmed.
(Argued October 21, 1919; decided November 18, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 29, 1918, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The complaint alleged that on the 27th day of November, 1917, plaintiff's intestate was in the employ of the Lackawanna Steel Company, as a switch and track cleaner, within the plant of the said steel company, and that while in the discharge of his duties as such switch and track

cleaner a train of the defendant was negligently, carelessly and without warning backed against him, causing injuries which resulted in his death. The answer admitted plaintiff's intestate's employment as alleged, but denied that defendant was negligent in any of the manners or respects set forth in the complaint, and set up as affirmative defense that plaintiff's intestate came to his death through his own negligence and want of care, and not through any negligence or want of care on the part of the defendant.

*Raymond C. Vaughan* for appellant.

*Karl A. McCormick* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO, CRANE and ANDREWS, JJ.