MARY KEOGH, as Administratrix of the Estate of MARTIN KEOGH, Deceased, Respondent, *v.* SOUTH BUFFALO RAILWAY COMPANY, Appellant.

**Master and servant — railroads — negligence — action for injury to employee caused by derailment of freight car — defects in track — erroneous refusal to charge that if there were no defects in track at place of derailment, verdict must be for defendant.**

In an action for death of an employee caused by derailment of a freight car on which he was riding, the court charged that if there was no defect or insufficiency in the defendant's cars, tracks, roadbed or equipment, there could be no recovery and that there was no

evidence as to condition of the cars from which the jury could find defendant negligent. *Held*, error to refuse to charge that if there were no defects in the track at the place where they found the derailment occurred, verdict must be for defendant.

*Keogh* v. *So. Buffalo Ry. Co.*, 194 App. Div. 950, reversed.

(Argued January 24, 1922; decided February 28, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 24, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Evan Hollister* for appellant. The trial court erred in refusing to charge as requested by defendant, as the jury was thereby permitted to render a verdict for the plaintiff in the absence of any negligence on defendant's part upon a mere presumption of negligence from the derailment itself. (*Henson* v. *L. V. R. R. Co.*, 194 N. Y. 25; *Southern Ry. Co.* v. *Derr*, 240 Fed. Rep. 73; *Welsh* v. *Cornell*, 168 N. Y. 508; *Ferrick* v. *Eidlitz*, 195 N. Y. 248.)

*Hamilton Ward* for respondent. The court properly refused to charge defendant's request as to defects in the tracks. (*Small* v. *Houseman*, 220 N. Y. 520; *Clark* v. *N. Y. C. R. R. Co.*, 191 N. Y. 422; *Porter* v. *Municipal Gas Co.*, 220 N. Y. 161; *People ex rel. Stephens* v. *Bingham*, 205 N. Y. 169; *Morcean* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Brun* v. *N. Y. C. R. R. Co.*, 109 N. Y. 297; *Van Inwegen* v. *Erie R. R. Co.*, 126 App. Div. 297; *Scarlet* v. *D., L. & W. R. Co.*, 222 N. Y. 155; *Cott* v. *Erie R. R. Co.*, 231 N. Y. 67; *Southern Ry. Co.* v. *Bennett*, 233 U. S. 80.)

ANDREWS, J. Martin Keogh was a freight conductor employed by the defendant in interstate commerce. While riding on some cars backing over a switch track a

1922.]        Dissenting memorandum, per POUND, J.    [233 N. Y. 31]

derailment occurred and Keogh was killed.  This action
was brought to recover damages for his death and resulted
in a verdict for the plaintiff.  The judgment entered on
this verdict was unanimously affirmed by the Appellate
Division.

In his charge to the jury the trial judge without
objection stated that if there was no defect or insufficiency
in the cars of the defendant or in its tracks, roadbed or
equipment there could be no recovery.  By the use of the
word " equipment " he had reference to the details of
the cars or of the tracks.  Later he was asked to say
and did say that there was no evidence in the case as
to the condition of the cars from which the jury could
find the defendant negligent.  He thus eliminated any
consideration of this source of complaint.  There was
left a possible defect in the track causing the accident.
He was then asked to charge that if the jury found that
there were no defects in the track at the place where
they found the derailment occurred their verdict must
be for the defendant.  This request was refused and
the defendant excepted.

Clearly, this was error.  If the jury could only find a
verdict for the plaintiff in case there were defects in the
cars or a defect in the track; if as a matter of law there
was no defect in the cars, then if they found that the
track was not defective wherever the derailment might
have occurred a verdict in favor of the plaintiff would
not be justified.

The judgment appealed from, therefore, must be
reversed and a new trial granted, with costs in all courts
to abide the event.

POUND, J. (dissenting).  Defendant's counsel asked the
court " to charge that if the jury find that there were
no defects in the track *at the place where they find the
derailment occurred,* their verdict must be for the defendant

no cause of action." He did not ask the court to charge squarely that " unless the jury find that the derailment was due to a defect in the track the plaintiff cannot recover." The exception to the refusal to charge is not fatal. On the whole charge, the question was fairly submitted. Counsel's request was argumentative. I dissent.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN and CRANE, JJ., concur with ANDREWS, J.; POUND, J., reads dissenting memorandum; CARDOZO, J., not voting.

Judgment reversed, etc.