MATILDA DACUS, as Administratrix of the Estate of ROY DACUS, Deceased, et al., Respondents, *v.* SPIN-NES REALTY & CONSTRUCTION Co. et al., Defendants; SPINIELLO CONSTRUCTION COMPANY et al., Appellants.

First Department, December 7, 1967.

*Vincent A. Catoggio* of counsel (*Purdy, Lamb & Catoggio,* attorneys), for appellants.

*Malcolm B. Rosow* of counsel (*Standard, Weisberg & Harolds,* attorneys), for respondents.

STEUER, J. Plaintiffs are the representatives of three workmen who lost their lives when a launch on which they were working sank in Lake Seneca. The launch and its company were engaged at the time in the performance of a contract with the Finger Lakes State Parks Commission to install piping on the bottom of the lake. The contract was with appellant Spinello & Nesto Corporation, who was the employer of the intestates.

Following the accident, which occurred on January 20, 1962, signed claims for benefits under the New York Workmen's Compensation Law were filed with the Compensation Board on behalf of each of the claimants. Awards to each were made on various dates in the Summer of 1962 for funeral expenses, and fixed sums payable biweekly by the employer. These sums have been paid and accepted regularly since, except in the Kenny claim where the decedent's sole dependent died in 1965 and payments ceased as of that date.

This suit was instituted in November, 1963. The defendants are Spin-Nes Realty & Construction Co., Noel Bell, Spinello Construction Company, Spinello & Nesto Corporation, V. James Spiniello and Luke C. Spiniello. The latter four defendants moved to dismiss the complaint and for summary judgment. The first two named defendants have not so moved and the action as against them is not considered on this application.

The moving defendants do not dispute that if plaintiffs had not sought compensation they could have sued under the Jones Act. However, a claim for injuries under a Federal statute may be compromised (*Callen v. Pennsylvania R. R. Co.,* 332 U. S. 625). Section 113 of the Workmen's Compensation Law provides that, if both employer and employee agree to submit the matter to the Workmen's Compensation Board, the latter may accept jurisdiction. If the parties so submit and continue without objection to the jurisdiction until an award is made and paid, this constitutes a compromise of the claim (*Matter of Ahern v. South Buffalo Ry. Co.,* 303 N. Y. 545, affd. *sub. nom. South Buffalo Ry. Co. v. Ahern,* 344 U. S. 367). Plaintiffs do not specifically question the above but claim that the facts do not show an agreement to submit the claims to compensation and, at most, they have accepted payments voluntarily made.

We cannot accept this interpretation. The claim is based on four grounds: that the employer initiated the proceedings before the board; that there was no determination as to jurisdiction and hence no award; that if there was an award it was not final; and that claimants did not make an unequivocal submission but reserved their rights to sue third parties.

As to the first, while it is true that the first notice of the board emanated from the employer, it is not disputed that plaintiffs filed claims and that hearings were held and awards made, and that in all of these proceedings plaintiffs participated and offered the appropriate proof. No occasion for a specific finding or jurisdiction was presented. All parties consented to it, and to date none of the claimants has ever asserted lack of jurisdiction to the board or refused to accept its findings and the fruits thereof. Plaintiffs did file with the board a reservation of rights to sue third parties, and the award is conditional to the extent that upon conclusion of such third-party actions adjustments to reflect any recovery may be made. It may be noted that in naming the third persons to be sued plaintiffs did not include the moving defendants, presumably to avoid any question that they were the employers and thereby jeopardize the collection of further installments of the award.

Some confusion has resulted as to the defendant corporations. Undeniably Spiniello & Nesto Corporation was the employer of the decedents. In two of the claims before the board it was so named and that defendant so conceded. The third claim (Kenny) named as the employer " Spiniello Nesto Construction Co." There is no corporation by that name. In the award the employer was named as Spiniello Construction Company. There is such a corporation and it is named as a defendant here.

However, in various papers submitted to the board on the Kenny claim, and in the pleadings here, the correct corporate name of the employer is given (Spiniello & Nesto Corporation). Moreover, it appears that Spiniello Construction Company was not a party to the contract with the Finger Lakes State Parks Commission and no participation by it in the work nor connection with the accident is shown or even alleged. Liability of the individual defendants is predicated solely on their being officers of the employer corporation. Being in the same employ as the intestates, they are immune from suit in a situation where compensation applies (Workmen's Compensation Law, § 29, subd. 6).

The orders entered May 4 and September 5, 1967, should be reversed on the law and summary judgment dismissing the complaint as against the moving defendants granted with one bill of costs and disbursements to said defendants and the action severed.

EAGER, J. P., RABIN, McNALLY and WITMER, JJ., concur.

Orders entered on May 4, 1967 and September 5, 1967 unanimously reversed, on the law, with one bill of $50 costs and disbursements to appellants; defendants-appellants' motion to dismiss the amended complaint as against them granted, with $10 costs; the action severed as to said defendants-appellants.