PAUL S. BALIGIAN *vs.* NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY.

AUGUST 5, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is an employer's appeal from a decree entered in the superior court granting an employee's original petition for workmen's compensation under general laws 1938, chapter 300.

On January 29, 1948 petitioner filed with the director of labor an original petition alleging among other things that

the issue was "Extent of disability and whether or not entitled to compensation." At a hearing thereon respondent contended that petitioner's claim for compensation was barred under the provisions of G. L. 1938, chap. 300, article III, §17. That section provides that an employee's claim for compensation shall be barred unless an agreement or petition is filed within two years after the occurrence of the injury, or, in case of the death of the employee, or, in the event of his physical or mental incapacity, within two years after the death of the employee or the removal of such physical or mental incapacity.

The respondent also contended that it was an interstate railroad carrier; that the liabilities and obligations of the carrier to pay compensation for personal injuries suffered by petitioner while both were engaged in interstate commerce were regulated inclusively and exclusively by the Federal Employers' Liability Act, 45 U.S.C.A. §51; and that in consequence thereof the director of labor was without jurisdiction to hear and determine the case.

The director of labor granted the petition and ordered respondent to pay total disability compensation and medical -bills in accordance with the provisions of the workmen's compensation act. The cause thereafter came on for hearing before a justice of the superior court upon respondent's appeal from such decision. At the hearing in the superior court respondent interposed the same defenses it had urged before the director of labor, with the further claim that there was no accident within the provisions of the workmen's compensation act. The trial justice granted employee's petition for compensation and in accordance therewith entered the decree appealed from.

The evidence discloses that on March 28, 1944 petitioner, who was one of a gang of workmen employed by respondent in repairing its number 1 freight house located on Canal street in the city of Providence in this state, received an incapacitating injury while so employed. It was agreed by counsel that his average weekly wage was $53.64. The

petitioner testified that while attempting to jack up a timber 8 inches by 16 inches by 24 feet long, he used a two-inch plank to pry it and that "The timber let go and I come right on my back"; that his back was injured in 1940 when he was working for respondent but that he lost only about two weeks from his work and then went back and worked steadily until his injury in 1944; that after the latter injury respondent paid him for about 90 weeks at the rate of $20 per week and also paid his medical bills; and that he was treated by Dr. Roland Hammond, Dr. Charles McDonald, and also at Massachusetts General Hospital and another hospital in Philadelphia, Pennsylvania.

Doctor Richard S. Arlen testified that he treated petitioner from June 3, 1946 to the date of the hearing; that petitioner has a low back strain and a ruptured intervertebral disc with degeneration thereof; that the 1944 injury is the cause of disability; that the present condition is permanent; and that a disc operation is dangerous.

James A. Murtough, district claim agent for respondent, testified that petitioner's injury first came to his attention in May 1944 when the latter called at his office and informed him that he had injured his back. He admitted that he had received a series of receipts from petitioner for certain payments but claimed that such payments were made under the Federal Employers' Liability Act. In that connection he stated: " * * * if in our estimation * * * it's our responsibility, we pay full time. If it isn't our responsibility, we pay half time." He further testified: "We proposed to pay Paul half time—half of his average weekly earnings, and eventually, when we closed the case, we would subtract what we had paid him from the amount of the general release." He also stated that petitioner had received payments for 99 weeks at the rate of $20 per week, a total of $1,980.

On cross-examination he testified that these payments were made under the Federal Employers' Liability Act; that he knew such act allowed damages for pain, suffering

and loss of wages due to the employer's negligence; and that it did not provide for weekly payments thereunder. He further testified that payments were stopped on March 8, 1946 because petitioner had engaged an attorney who wrote him a letter stating that he represented petitioner; that he would have continued such payments if he had not received such letter; and that in the circumstances he had to turn the file over to the law department.

He also testified that he knew respondent had been authorized by the department of labor to make payments under the state compensation act directly to its employees and that in 1944 the maximum payment for total incapacity was $20 per week. He admitted that the weekly payments to petitioner for 99 weeks were equal to the exact maximum provided under that act; that petitioner's medical bills, except those of Dr. Arlen, amounting in all to $478, have been paid by respondent; that respondent has paid to other injured employees compensation claims for injuries under the terms of the state workmen's compensation act; and that payments in the instant case were made out of the same working fund.

The respondent contends that the trial justice erred in failing to make a finding as to whether or not petitioner was engaged in interstate commerce. It argues that the evidence clearly discloses that at the time of petitioner's injury both he and respondent were engaged in interstate commerce, and therefore that the Federal Employers' Liability Act and not the state workmen's compensation act is applicable. The petitioner contends that such a finding was unnecessary, since respondent had treated his claim in every respect as though it were made under the state workmen's compensation act and by its own conduct is now estopped from asserting otherwise.

In the peculiar circumstances of the instant case we are of the opinion that the doctrine of estoppel *in pais* is applicable. While it has been argued that the parties cannot by consent, election or waiver confer upon a court a jurisdiction

which does not otherwise exist, in our opinion this is not such a case.

Although the filing of a preliminary agreement or an original petition is generally necessary to give legal standing to a claim for workmen's compensation, it appears from the transcript of testimony herein that from the date of the accident respondent had treated petitioner's claim as if a valid preliminary agreement under the act was subsisting between the parties. For a period of two years, to the time when the statute of limitations would generally apply, respondent had made payments figured on a weekly basis for exactly the maximum amounts contemplated by the state statute and it had also made payments of medical bills as provided therein.

Such payments were not made on the half-time basis that respondent claimed it would ordinarily adopt under the Federal Employers' Liability Act in cases where it did not consider itself liable. During that period it had never indicated to petitioner that the payments were not those to which he was entitled under the workmen's compensation act for an injury arising out of and in the course of his employment, or that such payments were made coupled with a claim of nonliability either at common law or under the Federal Employers' Liability Act. In addition, these payments were made out of the same working fund from which it made payments directly to injured employees as authorized by the director of labor under the state act.

In these circumstances we are of the opinion that respondent has elected to treat petitioner's injury as one falling within the provisions of the workmen's compensation act which it has accepted, and that petitioner on his part, by his conduct in receiving the maximum payments to which he would be entitled thereunder and by refraining from taking any action against respondent under the Federal Employers' Liability Act until after respondent had stopped making such payments, has agreed in effect that his right of action was governed by the workmen's compensation

act of this state. This implied agreement to consider petitioner's injury as one within the scope of the workmen's compensation act was freely entered into by respondent and was induced in no way by coercion. The respondent was not forced to elect between relying upon its federal rights or submitting to the state act.

In our opinion respondent at this late day and in the face of its conduct is estopped from claiming that petitioner's injury is not now cognizable under the state act. In this respect the instant case, although not identical with, is markedly similar to *Ahern* v. *South Buffalo Ry.*, 303 N. Y. 545, which was affirmed by the United States Supreme Court on January 19, 1953, 344 U. S. 367, 97 L. Ed. (Advance pp. 279, 283). That court in approving the finding of the state court said: "The New York Court of Appeals viewed these circumstances as estopping appellant from the assertion of so long delayed a change of heart. No tenet of federal law compels otherwise."

We are of the further opinion, in view of the above circumstances, that respondent is also estopped from setting up the statute of limitations under the workmen's compensation act as a defense or from otherwise denying liability thereunder on account of petitioner's failure to comply with its provisions relating to the filing of a preliminary agreement for compensation in lieu of a petition therefor. On the question of the merits of the instant petition it is therefore our opinion that the evidence supports the conclusion that petitioner is entitled to compensation in accordance with the provisions of the act.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram A. Arabian,* for petitioner.

*William E. Boyle, William J. Carlos,* for respondent.