■ In the Matter of the Claim of FRANCIS ALLMAN, Appellant, v. GREAT LAKES DREDGE & DOCK COMPANY et al., Respondents, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision of the Workmen's Compensation Board which determined that the claimant had waived his Federal remedies under the Jones Act and for unseaworthiness, and that the Workmen's Compensation Board had jurisdiction over his claim. Among other issues is presented that as to the Referee's and the board's refusal to take evidence in support of claimant's allegations of fraud on the part of the carrier which furnishes not only the workmen's compensation coverage, but the employer's liability insurance coverage as well and, presumably, would be advantaged by an award in workmen's compensation. The claimant, a pile driver, employed by the Great Lakes Dredge & Dock Company, was working aboard a derrick vessel in the Niagara River near Niagara Falls on December 21, 1961, when, while in the process of moving the vessel, a cable came out of a sheave and struck him in the legs causing serious injuries. On December 21, 1961 an employer's report of injury was filed and later a notice that the claim was not controverted was also filed. At no time did claimant file a claim; and liability was established in his absence and without any proof bearing upon jurisdiction. Payments of compensation were accepted by the claimant. On December 29, 1961 an investigator for the carrier took a statement from the then hospitalized claimant (cf. Penal Law, § 270-b, now Judiciary Law, § 480) which stated in part, "Where we were working at the time of my accident on December 21, 1961 is not considered to be navigable waters." The statement as to nonnavigability is asserted by claimant to be indisputably erroneous; and we are not informed as to the adjuster's and the claimant's understanding of this often technical term nor the basis for their supposed conclusion concerning it; nor, indeed, does it appear that claimant knew or was informed of its significance. A hearing was held on October 10, 1963 with the claimant present. On January 15, 1964 a notice of retainer signed by the claimant and his counsel was filed. Thereafter, hearings were held on April 30, 1964 and June 11, 1964 at which the claimant and his counsel were present. On June 18, 1964 an action was commenced against the employer under the Jones Act and other applicable maritime laws alleging unseaworthiness and negligence, in accordance with the liability coverage above noted. This action is being defended by the same insurance carrier that provides the compensation coverage for the employer. At a hearing held July 22, 1965 claimant's counsel asserted for the first time that the board had no jurisdiction in that the claimant had not waived his rights under admiralty

or other·Federal laws as required by section 113 of the Workmen's Compensation Law. The Referee, in essence, held that the claimant elected to choose the forum and, having so elected, the whole issue is "res judicata," and refused to take ·any testimony on the question of waiver. The board affirmed the Referee and found that the claimant had waived his rights under section 113 of the Workmen's Compensation Law. Section 113 provides that jurisdiction can only be conferred on the Workmen's Compensation Board "in case the claimant, the employer and the insurance carrier waived their admiralty or interstate commerce rights and remedies". A waiver under the provisions of the statute is sustainable, only if all the parties have voluntarily agreed, and in the absence of any overreaching or fraud. (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, affd. 344 U. S. 367.) Claimant here sought to introduce evidence on the question of jurisdiction in support of his contention that there had been overreaching, and perhaps fraud, by the carrier's representative which request was denied. Claimant should be afforded the opportunity to present evidence on these issues and to establish, if he can, that when he accepted compensation benefits, he was not aware of his maritime rights, and that he was wrongfully deceived into thinking his only rights were in compensation. "Waiver means the intentional relinquishment of a known right." (Matter of Meachem v. New York Cent. R. R. Co., 8 N Y 2d 293, 299.) Claimant should be permitted to present evidence in support of his jurisdictional objection. Decision reversed, with costs to appellant against respondents employer and carrier, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum Per Curiam.