Chief Judge Fuld.
On January 20,1962, three workmen, Roy Dacus, Patrick Kenny and Ralph Moracco, were drowned in Seneca Lake when the vessel on which they were working sank. Their widows received compensation awards from the decedents’ employer, defendant Spiniello & Nesto Corp. They also brought the present action, claiming negligence and unseaworthiness of the vessel, against several defendants who allegedly “ owned, controlled and/or managed” the boat and, later, against the employer. The question in suit is whether the compensation awards resulted in a waiver of “ admiralty or interstate commerce rights and remedies ” under section 113 of the Workmen’s *429 Compensation Law. Insofar as relevant, that statute provides that
“ awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies ’ ’.
Plaintiff widows filed their claims for compensation between April and August, 1962. The only issue was that of dependency, and the maritime rights of the parties were not discussed except that, upon the hearing, the claimants all testified that ‘ ‘ there is a third party action pending ”. The board made “ a decision and award of compensation ’ ’ in each case, two in July and one in September, 1962. Each decision contained a notation to the effect that the case was “ continued one year pending disposition of estate’s third party action.” Payments have continued since that time, except for the sole dependent of Patrick Kenny, who died in 1965.
On September 17, 1962, the plaintiffs formally notified their employer, Spiniello & Nesto Corp., that they had commenced an action in the Supreme Court, New York County, against two other Spiniello companies, the two individual Spiniello brothers and a fifth party. It was not until November 12, 1963 that they named Spiniello & Nesto Corp. as a party defendant in that action. They sought damages of $350,000 alleging, as noted, that the defendants had been negligent and adding that the boat was unseaworthy.
There is a sharp conflict concerning facts which have an important bearing on the issue of waiver. The matter is further, complicated by the circumstance that it now appears, according to the plaintiffs, that the Spiniello companies are all ‘ ‘ interrelated,” operated “ out of one office ” and are “ substantially controlled by the defendant, Y. James Spiniello.” Although it is true that the plaintiffs did not indicate, in their notice of commencement of a third-party action, that they intended to sue the employer, it is not at all clear from the record that that defendant owned the boat or, if it did, that the plaintiffs were aware of such fact.
Defendants Spiniello & Nesto Corp., Spiniello Construction Co. and the two individual Spiniello brothers sought dismissal *430 of the complaint, pursuant to CPLR 3211 and 3212, on the ground that the plaintiffs were barred from prosecuting a suit for damages under the Jones Act because of their acceptance of “ awards and payments of Workmen’s Compensation benefits The court at Special Term denied the motion, concluding that, under all the circumstances, a question of fact existed as to whether the plaintiffs’ acceptance of compensation evidenced an intention to waive redress under the Jones Act and “ resort exclusively” to the remedies afforded by the Workmen’s Compensation Law. However, upon appeal by the moving defendants, the Appellate Division unanimously reversed, dismissed the complaint and severed the action as to such defendants-appellants. Belying on Matter of Ahern v. South Buffalo Ry. Co. (303 N. Y. 545, affd. sub nom. South Buffalo Ry. Co. v. Ahern, 344 U. S. 367) — in which payment and acceptance of compensation benefits over a long period had been deemed a waiver of Federal rights —■ the Appellate Division found that the payment and acceptance of the award of compensation in this case amounted to a compromise of the claim. The plaintiffs ’ filing of a reservation of rights to sue a third party was discounted because, ‘ ‘ in naming the third persons to be sued plaintiffs did not include the moving defendants, presumably to avoid any question that they were the employers and thereby jeopardize the collection of further installments of the award.”[1]
We agree with Special Term that the motion should be denied since, in our view, too, the papers demonstrate that a question of fact exists as to whether there was a waiver.[2]
Although an unqualified acceptance of compensation payments over a period of years may constitute a waiver of Federal rights and remedies (see, e.g., Matter of Braadt v. City of New York, 15 NY 2d 875; Matter of Meachem v. New York Cent. R. R. Co., 8 N Y 2d 293; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, affd. sub nom. South Buffalo Ry. Co. v. Ahern, 344 U. S. 367, supra; cf. Heagney v. Brooklyn Eastern Dist. *431 Term., 190 F. 2d 976, cert. den. 342 U. S. 920 [both parties expressly waived rights]), not every award and acceptance of compensation benefits prevent a claimant from pursuing his Federal rights. (See, e.g., Fitzgerald v. Harbor Lighterage Co., 244 N. Y. 132; Reed v. The Yaka, 373 U. S. 410; Biggs v. Norfolk Dredging Co., 360 F. 2d 360; see, also, Lawrence v. Norfolk Dredging Co., 194 F. Supp. 484, affd. 319 F. 2d 805, cert. den. 375 U. S. 952; Harney v. Moore Bldg. Corp., 359 F. 2d 649.) Section 113 of the Workmen’s Compensation Law, as this court observed in the Ahern case (303 N. Y. 545, 555, supra), empowers the board “ to make awards of compensation if all of the parties elect to settle their dispute in that fashion, and forego their Federal rights and remedies.” But, the court went on to hold, the statute “ is not to be imposed upon them in the absence of a joint waiver or agreement evidencing an intention to be bound by its terms ” (p. 555).
In the case before us, the record does not establish that the payment and acceptance of compensation constituted an unequivocal waiver by the parties of their Federal rights. Although the plaintiffs may not have indicated that it was a Federal remedy they were pursuing, they could not have made it plainer to defendant employer—and this within a few months of the accident and before an award was made — that they were ultimately relying not upon workmen’s compensation to redress their losses but upon an action for damages. According to the plaintiffs, the ownership of the boat was at that time in some doubt. Obviously, Spiniello & Nesto Corp. must have known the facts and been aware, as well, that, of necessity, either the corporation itself or one of its interrelated corporations was the ultimate target of the plaintiffs’ so-called “ third party ” suit. Thus, the situation is far different from one in which the employee claims and accepts compensation without alerting his employer to the possibility of litigation in the courts.[3] If the circumstances herein were as the plaintiffs claim, then, the pay *432 ment and acceptance of compensation once their suit had been instituted could not operate as a waiver of Federal rights and remedies. In any event, the truth of the matter may not be ascertained, without a trial of the issue, simply upon a motion for dismissal of the .complaint or summary judgment.
The order appealed from should be reversed and orders of the Supremé Court, New York County, reinstated, with costs in this court and in the Appellate Division, in accordance with the opinion herein.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, etc.

. Actually, the plaintiffs named all of the moving defendants except Spiniello & Nesto Corp.

. This is the only question raised in this court. Neither party has argued the propriety of the dismissal of the complaint as to the defendants-appellants other than Spiniello & Nesto hut, in view of the allegedly close relation among all of these defendants, we reverse the determination of the Appellate Division in its entirety.

. Nor does the assertion of Federal rights constitute a collateral attack on the compensation award. The board was not called upon to consider, and did not decide, whether the plaintiffs had waived their Federal rights. If the plaintiffs were to succeed in the court action, the result would merely be to subject their recovery to a setoff to the extent of compensation payments already made.