■ In the Matter of the Claim of STEPHEN MORRIS, Respondent, v CLEANCO INDUSTRIAL SERVICES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 6, 1980, which ruled that claimant did not waive his Federal rights pursuant to section 113 of the Workers' Compensation Law. Claimant was employed by a New York-based corporation when, on June 24, 1975, he sustained a knee injury while working on a ship docked at a shipyard in Hoboken, New Jersey. He retained counsel and filed a claim for New York State workers' compensation benefits on July 9, 1975. The employer's compensation carrier voluntarily commenced payment of compensation benefits to claimant on August 26, 1975. These payments continued until April 29, 1976 when the board established claimant's case after a hearing. The award for time already lost was formally rendered and the carrier was directed to continue payments. Shortly over a month later, on June 3, 1976, claimant submitted a claim for Federal workers' compensation under the Longshoremen's and Harbor Workers' Compensation Act (US Code, tit 33, § 901 *et seq.*). In the Federal proceeding, the carrier argued that claimant had waived his Federal remedies pursuant to section 113 of the Workers' Compensation Law by pursuing his State compensation rights. Following an agreement by all parties to submit the waiver issue to the State board, the Federal proceeding was suspended. The State board ruled that claimant's acceptance of State workers' compensation benefits did not constitute a waiver of his right to seek benefits under the Federal act. This appeal by the employer and its carrier ensued.

Section 113 of the Workers' Compensation Law provides that: "awards according to the provisions of [the Workers' Compensation Law] may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies". The question of whether there has been a waiver by all parties has been held to be one of fact *(Pedersen v Manitowoc Co.,* 25 NY2d 412, 417; *Dacus v Spin-Nes Realty & Constr. Co.,* 22 NY2d 427, 430) and, as such, the board's determination of that issue in the instant case must be upheld if supported by substantial evidence. While there are many factors present which seem to indicate that claimant made a waiver of his Federal rights, such as representation by experienced counsel, utilization of the board's machinery at a series of hearings, the payment and acceptance of awards *(Matter of Meachem v New York Cent. R.R. Co.,* 8 NY2d 293, 300), and the failure to alert the employer of any possible Federal claim prior to the acceptance of State compensation benefits *(Dacus v Spin-Nes Realty & Constr. Co., supra,* p 431), we cannot say that the board's finding that claimant did not waive his Federal rights lacks a rational basis (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 183). Claimant's attorney was not initially aware that the injury occurred on a ship and it was uncertain during the time immediately following the accident whether the Federal Longshoremen's and Harbor Workers' Act applied to onshore employees. Consequently, the board's determination that claimant had not, when he applied for Federal workers' compensation less than one year after his accident and after he had applied for and received State compensation benefits, waived his Federal rights is supported by substantial evidence and must be upheld (see *Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.