■ CHARLES MAYERHOFER, Appellant, v TURNER CONSTRUCTION COMPANY et al., Defendants. TURNER CONSTRUCTION COMPANY, Third-Party Plaintiff, v EATON ELECTRIC, INC., Third-Party Defendant-Respondent. TRANSCONTINENTAL INSURANCE COMPANY, Nonparty Respondent. [816 NYS2d 409]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered April 4, 2005, which, inter alia, denied plaintiff's motion to declare nonparty Transcontinental Insurance Company's workers' compensation lien waived and nullified, or that Transcontinental be precluded from exercising any rights under any lien, unanimously reversed, on the law, without costs, the order vacated and the matter remanded for a determination of the amount of the workers' compensation lien after apportionment of reasonable and necessary expenditures, including attorneys' fees incurred in effecting recovery in the third-party action.

Transcontinental, the workers' compensation carrier, has a lien against any recovery plaintiff gets from the third-party action "after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this [law] for such case and the expenses for medical treatment paid or to be paid by it" (Workers' Compensation Law § 29 [1]). The employee so recovering "may apply on notice to such lienor to the

court in which the third party action was instituted . . . for an order apportioning the reasonable and necessary expenditures, including attorneys' fees, incurred in effecting such recovery" (*id.; see Matter of Kelly v State Ins. Fund,* 60 NY2d 131, 139 [1983]).

Although the motion court rejected plaintiff's assertion that the deduction of reasonable expenses extinguished Transcontinental's lien, it failed to fix the amount of the lien or give any indication of its factual determination regarding such issues as future medical payments of which Transcontinental may have been relieved. Contrary to Transcontinental's assertion, it is not clear that the court simply adopted its calculations. The matter must thus be remanded for such determinations.

However, we reject plaintiff's contention that he would be entitled to consideration of future lost-wage benefits in the calculation of the lien. Plaintiff was found disqualified for such benefits (Workers' Compensation Law § 114-a [1]), apparently after being caught on videotape putting up siding, at a time when he asserted his inability to work. Plaintiff has failed to include any documents leading to that determination, from which it might be determined whether that decision was mandatory or discretionary (*see Matter of Losurdo v Asbestos Free,* 1 NY3d 258 [2003]). In any event, plaintiff never challenged that administrative determination. Concur—Tom, J.P., Mazzarelli, Friedman, Marlow and Malone, JJ.