■ In the Matter of the Claim of DAVID HYDE, Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [830 NYS2d 363]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 28, 2005, which ruled that it did not have jurisdiction over the claim.

Claimant, a mate on the Staten Island Ferry, sustained various injuries on October 15, 2003 when the ferryboat he was working on crashed into a pier. At a hearing regarding his workers' compensation benefits, claimant indicated his intention to seek redress for his injuries in federal court pursuant to the Jones Act (*see* 46 USC Appendix § 688, repealed and replaced by Pub L 109-304, 120 US Stat 1485). Notwithstanding such an acknowledgment, a Workers' Compensation Law Judge determined that the claim was established for work-related injuries and awarded benefits. The self-insured employer sought review of that determination, maintaining that claimant's federal action precluded the Workers' Compensation Board from exercising jurisdiction over the claim. The Board, citing Workers' Compensation Law § 113, agreed and rescinded the decision of the Workers' Compensation Law Judge, prompting this appeal.

Workers' Compensation Law § 113 provides that where a claimant is eligible for federal relief, such as a claim under the Jones Act, Workers' Compensation Law benefits will be permitted only where the claimant, employer and insurance carrier waive their federal rights and remedies (*see Pedersen v Manitowoc Co.*, 25 NY2d 412, 417 [1969]; *Matter of Ahern v South Buffalo Ry. Co.*, 303 NY 545, 555 [1952], *affd* 344 US 367 [1953]; *Orr v City of New York*, 304 AD2d 541, 542 [2003], *lv denied* 100 NY2d 508 [2003]). Here, claimant announced on the record that "he is not waiving his right to file [a Jones Act claim]." Accordingly, the Board properly rescinded the decision of the Workers' Compensation Law Judge. We further note that this record supports the conclusion that, in the event claimant's federal claim is withdrawn or unavailable, he may seek to re-open his workers' compensation claim.

We have considered claimant's other contentions and find them to be without merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.