■ In the Matter of the Claim of MANUEL A. RODRIGUEZ, Respondent, v REICON GROUP, LLC, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 579]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed March 13, 2009, which, among other things, ruled that it had concurrent jurisdiction over the claim.

Claimant, a dock builder, was injured when he slipped while stepping from a pier onto a barge. He thereafter applied for benefits under the Workers' Compensation Law. At a hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) indicated that claimant had been receiving payments under the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.* [hereinafter LHWCA]) and asserted that the applicability of the LHWCA precluded the Workers' Compensation Board from exercising jurisdiction over the claim. A Workers' Compensation Law Judge determined that the Board has concurrent jurisdiction over claims that also fall within the jurisdiction of the LHWCA, and continued the case. The Board agreed, prompting this appeal by the employer.

We reject the employer's assertion that, pursuant to Workers' Compensation Law § 113, the Board does not have jurisdiction over this claim inasmuch as all parties did not agree to waive their federal rights under the LHWCA. Workers' Compensation Law § 113 provides, in relevant part, that Workers' Compensation Law benefits may be awarded for injuries subject to the admiralty or other federal laws only where the claimant, the employer and the insurance carrier waive their federal rights and remedies (*see Pedersen v Manitowoc Co.*, 25 NY2d 412, 416-417 [1969]; *Matter of Ahern v South Buffalo Ry. Co.*, 303 NY 545, 555 [1952], *affd* 344 US 367 [1953]; *Matter of Allman v Great Lakes Dredge & Dock Co.*, 29 AD2d 605, 605-606 [1967]). It is "a *permissive* statute intended to empower the [B]oard to make awards of compensation if all of the parties elect to settle their dispute in that fashion" (*Matter of Ahern v South Buffalo Ry. Co.*, 303 NY at 555). In other words, Workers' Compensation Law § 113 represents a "jurisdictional grant" (*South Buffalo R. Co. v Ahern*, 344 US 367, 372 [1953]) provided by the Legislature to the Board "to effectuate private agreements for compromising a *federal controversy* by resort to an impartial lo-

cal umpire" (*id.* [emphasis added])—a power which the Board would otherwise not have. "[T]hat is all that section 113 of the Work[ers'] Compensation Law purports to accomplish" (*id.*).

Here, however, the parties need not avail themselves of the permissive empowerment of Workers' Compensation Law § 113 in order for the Board to act, since there is concurrent jurisdiction among state workers' compensation laws and the LHWCA over claims arising from land-based injuries compensable under the LHWCA (*see Sun Ship, Inc. v Pennsylvania,* 447 US 715, 717-722 [1980]; *Calbeck v Travelers Ins. Co.,* 370 US 114, 128-132 [1962]). Thus, because the Workers' Compensation Law covers claimant's work (*see* Workers' Compensation Law § 3; *Taylor v New York Cent. R.R. Co.,* 294 NY 397, 402 [1945], *cert denied* 326 US 786 [1946]) and the LHWCA does not preempt, but rather supplements, state workers' compensation remedies, the Board already possessed jurisdiction over claimant's claim and resort to Workers' Compensation Law § 113 is unnecessary in order to empower the Board to act.

To be distinguished are cases where a claimant is eligible for federal relief in a field where the federal scheme has preempted state remedies, such as claims that fall under the Jones Act and Federal Employers' Liability Act (*see e.g. Matter of Ahern v South Buffalo Ry. Co.,* 303 NY 545 [1952], *supra* [Federal Employers' Liability Act claim]; *Matter of Hyde v New York City Dept. of Transp.,* 37 AD3d 892 [2007] [Jones Act claim]; *Orr v City of New York,* 304 AD2d 541 [2003], *lv denied* 100 NY2d 508 [2003] [Jones Act claim]). In those circumstances, the federal scheme "covers the field" and provides the *exclusive remedy* for such injuries, therefore precluding the Board from exercising jurisdiction over a claim under the Workers' Compensation Law. It is in this instance that the parties may agree to bring their dispute before the Board and the Board may, pursuant to the strictures of Workers' Compensation Law § 113, exercise jurisdiction for the purpose of making awards of compensation in discharge of that *exclusively federal claim.**

Finally, in light of the employer's previous awards under the LHWCA, we note that "there is no danger of double recovery

---

* Furthermore, it seems apparent that the waiver requirement contained in Workers' Compensation Law § 113 applies only where there would be a conflict between a claimant's federal right (for example, a Jones Act claim) and his or her remedy under the Workers' Compensation Law (*see Wallach v Lieberman,* 366 F2d 254, 258-259 [2d Cir 1966]). Clearly, no such conflict exists here between the LHWCA and the Workers' Compensation Law. To that end, it has been observed that "the doctrine of election of remedies is completely out of place as between state and [LHWCA] remedies. Election of remedies involves a choice between *inconsistent* remedies[, however] State and [LHWCA]

under concurrent jurisdiction since employers' awards under one compensation scheme would be credited against any recovery under the second scheme" (*Sun Ship, Inc. v Pennsylvania*, 447 US at 725 n 8).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

 benefits are not inconsistent but complimentary" (9 Larson's Workers' Compensation Law § 145.07 [5]).