*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    520025
_____

RICHARD RONKESE,
                        Respondent-
                        Appellant,

        v                                    MEMORANDUM AND ORDER

TILCON NEW YORK, INC.,
                        Appellant-
                        Respondent,
                        et al.,
                        Defendants.
_____


Calendar Date:  April 29, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                    _____


        Freehill Hogan & Mahar, LLP, New York City (John F.
Karpousis of counsel), for appellant-respondent.

        Melley Platina, PLLC, Rhinebeck, for respondent-appellant.

                    _____


Peters, P.J.

        Cross appeals from an order of the Supreme Court (Cahill,
J.), entered January 3, 2014 in Ulster County, which partially
granted plaintiff's motion to, among other things, enforce a
stipulation of settlement.

        Plaintiff suffered serious physical injuries in 2004 while
working on the deck of a barge during the course of his
employment with defendant Tilcon New York, Inc. (hereinafter
defendant).  He began receiving workers' compensation benefits
following the incident and, in September 2007, commenced the
instant action against defendant, among others, seeking to

recover for the injuries he sustained.  On the scheduled trial date, the parties entered into a stipulation of settlement whereby plaintiff agreed to settle his claims against defendant[1] for $3.25 million and defendant's agreement to "satisfy an outstanding workers['] compensation lien in the sum of approximately $274,000."  The stipulation further provided that it was being made without prejudice to the rights, if any, that plaintiff had under the Workers' Compensation Law, including equitable apportionment of the litigation costs that he incurred in obtaining recovery in the action (see Workers' Compensation Law § 29; Burns v Varriale, 9 NY3d 207 [2007]; Matter of Kelly v State Ins. Fund, 60 NY2d 131 [1983]).

Although plaintiff received the $3.25 million settlement proceeds soon thereafter, his requests for confirmation that the outstanding workers' compensation lien against his recovery had been satisfied, withdrawn or otherwise extinguished apparently went unanswered by defendant.  Accordingly, plaintiff moved by order to show cause seeking, among other things, to enforce the terms of the stipulation of settlement and an equitable share of the litigation expenses that he incurred in obtaining recovery in the action.  Defendant opposed the motion, asserting that no Workers' Compensation Law § 29 (1) lien ever existed, and therefore plaintiff was not entitled to the requested apportionment, because he obtained recovery against his employer rather than a third-party tortfeasor.  Supreme Court agreed that no statutory lien existed pursuant to Workers' Compensation Law § 29 (1), but nonetheless awarded plaintiff counsel fees based upon the amount of the allegedly unpaid lien.  These cross appeals ensued.

Because Workers' Compensation Law § 29 (1) applies to the circumstances presented here, we must modify.  "When a claimant obtains recovery in a civil action for the same injuries that were the predicate for workers' compensation benefits, the carrier has a lien against any recovery (see Workers' Compensation Law § 29 [1]), even where the action is brought

_____

    [1]  The action was discontinued against the remaining named defendants upon the completion of discovery.

against an employer" (Matter of Beth V. v New York State Off. of Children & Family Servs., 98 AD3d 1200, 1201 [2012] [emphasis added, citations omitted], affd 22 NY3d 80 [2013]).  Indeed, as the Court of Appeals has recently reaffirmed, "'[Workers' Compensation Law §] 29, read in its entirety and in context, clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits'" (Matter of Beth V. v New York State Off. of Children & Family Servs., 22 NY3d 80, 91 [2013], quoting Matter of Petterson v Daystrom Corp., 17 NY2d 32, 39 [1966]). The Court reasoned that "[i]t would be unreasonable to read the statute as mandating a different result merely because the recovery came out of the pockets of a coemployee [or the employer] and not from the resources of a stranger" (Matter of Beth V. v New York State Off. of Children & Family Servs., 22 NY3d at 91 [internal quotation marks and citation omitted]).

We reject defendant's assertion that, notwithstanding the applicability of Workers' Compensation Law § 29, plaintiff is nonetheless precluded from obtaining any recovery – including apportionment of litigation costs – under the Workers' Compensation Law because he elected to pursue his claims in this civil action.  Defendant correctly notes that Workers' Compensation Law benefits may be awarded for injuries "subject to the admiralty or other federal laws" only where the claimant, the employer and the party responsible for the payment of benefits waive their federal rights and remedies (Workers' Compensation Law § 113; see Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 555 [1952], affd 344 US 367 [1953]; Matter of Rodriguez v Reicon Group, LLC, 77 AD3d 1105, 1106 [2010]).  Here, however, plaintiff's complaint asserts causes of action under both state and federal law, and there was never a finding that plaintiff was a "seaman" for purposes of the Jones Act (see 46 USC § 30104 et seq.) or that his claims were otherwise governed by federal maritime law.  The fact that plaintiff unsuccessfully moved for summary judgment on his status as a seaman does not judicially estop him from now seeking apportionment pursuant to the Workers' Compensation Law (see Zedner v United States, 547 US 489, 504 [2006]; Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 149-150 [2010]; Saratoga County Water Auth. v

Gibeault, 103 AD3d 1017, 1020 [2013]; Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 76 AD3d 963, 964 [2010]).

Inasmuch as the lien and offset provisions of Workers' Compensation Law § 29 are applicable and available to plaintiff under the circumstances herein, plaintiff was entitled to enforcement of that part of the stipulation of settlement requiring defendant to satisfy or otherwise extinguish the outstanding workers' compensation lien, as well as his equitable share of the "reasonable and necessary expenditures, including attorney's fees, incurred in effecting [the] recovery" in this action (Workers' Compensation Law § 29 [1]; see generally Kelly v State Ins. Fund, 60 NY2d at 138-140).  As such apportionment is calculated "according to the relative benefit derived by each party from the recovery" (Kelly v State Ins. Fund, 60 NY2d at 136; see Matter of Bissell v Town of Amherst, 18 NY3d 697, 699 [2012]; Burns v Varriale, 9 NY3d at 213-215), and the record is not sufficient for us to make those determinations, the matter must be remitted to Supreme Court for further proceedings concerning this issue (see Klem v Special Response Corp., 125 AD3d 1544, 1546 [2015]; see also Mayerhofer v Turner Constr. Co., 29 AD3d 320, 321 [2006]).

Finally, as Supreme Court found Workers' Compensation Law § 29 inapplicable, that portion of the order granting counsel fees to plaintiff was without foundation and must be reversed.  The parties' remaining contentions have been reviewed and are either academic or without merit.

Garry, Rose and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied plaintiff's motion (a) to enforce that part of the stipulation of settlement which required defendant Tilcon New York, Inc. to satisfy or otherwise extinguish the outstanding workers' compensation lien and (b) for an equitable share of the reasonable and necessary expenditures incurred in the underlying litigation, and (2) granted plaintiff's motion for counsel fees; motion granted and denied to that extent, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court