[59 NYS3d 605]

RICHARD RONKESE, Appellant, v TILCON NEW YORK, INC., Respondent, et al., Defendants.

Third Department, July 27, 2017

### APPEARANCES OF COUNSEL

*Steven M. Melley*, Rhinebeck, for appellant.

*Freehill Hogan & Mahar, LLP*, New York City (*John F. Karpousis* of counsel), for respondent.

### OPINION OF THE COURT

PETERS, P.J.

Appeal from an order of the Supreme Court (Cahill, J.), entered May 27, 2016 in Ulster County, which partially denied plaintiff's motion for an order directing, among other things, entry of a judgment inclusive of interest, costs and disbursements pursuant to CPLR 5003-a.

The underlying facts are set forth in greater detail in our prior decision in this matter (129 AD3d 1273 [2015], *lv dismissed* 28 NY3d 1045 [2016]). Nearly a decade ago, plaintiff commenced this action to recover damages for the injuries he sustained while working on a barge during the course of his employment with defendant Tilcon New York, Inc. (hereinafter defendant). The parties thereafter entered into a stipulation of settlement in which plaintiff agreed to settle his claims against defendant for $3.25 million and defendant's agreement to satisfy an outstanding workers' compensation lien against plaintiff's recovery in the amount of $264,360.47. Defendant promptly paid plaintiff the $3.25 million settlement proceeds, but thereafter failed to respond to plaintiff's numerous requests for confirmation that the outstanding workers' compensation lien had been satisfied. As a result, plaintiff moved to enforce the terms of the stipulation and, further, for an equitable share of the litigation expenses that he expended in obtaining recovery in the action pursuant to Workers' Compensation Law § 29 (*see Matter of Kelly v State Ins. Fund*, 60 NY2d 131 [1983]).

Supreme Court ruled that a Workers' Compensation Law § 29 (1) lien against plaintiff's recovery never existed, and therefore plaintiff was not entitled to the requested apportionment, but, as a matter of equity, awarded plaintiff counsel fees based upon the amount of the unpaid lien. Upon appeal, this Court concluded that the lien and offset provisions of Workers' Compensation Law § 29 (1) are applicable to the circumstances herein and that plaintiff was entitled to enforcement of that part of the stipulation of settlement requiring defendant to satisfy or otherwise extinguish the outstanding workers' compensation lien (129 AD3d at 1275-1276). We further found that plaintiff was entitled to his equitable share of the reasonable and necessary expenditures incurred in the underlying litigation, and remitted the matter for further proceedings concerning this issue (*id.* at 1276).

Upon remittal, plaintiff sought, among other relief, an order fixing the amount of *Kelly* payments to which he is entitled at $90,599.57 and awarding him a judgment against defendant in the sum of $3,514,630.47, together with over $910,000 in interest, costs and lawful disbursements pursuant to CPLR 5003-a. Defendant opposed the motion, asserting, insofar as is relevant here, that its failure to satisfy the outstanding workers' compensation lien did not trigger the provisions of CPLR 5003-a. Supreme Court agreed, reasoning that the statute addresses monies payable directly to a settling plaintiff, not those owed to a third-party lienholder. The court otherwise granted the balance of the requested relief, awarding plaintiff the requested *Kelly* apportionment and ordering defendant to satisfy or otherwise extinguish the outstanding workers' compensation lien.* Plaintiff appeals.

CPLR 5003-a (a) provides, in relevant part, that

> "[w]hen an action to recover damages has been settled, any settling defendant . . . shall pay all sums due to any settling plaintiff within twenty-one days of tender, by the settling plaintiff to the settling defendant, of a duly executed release and a stipulation discontinuing action executed on behalf of the settling plaintiff."

In the event that such payment is not promptly made within the prescribed time period, the statute authorizes "any unpaid

---

* The parties acknowledge that defendant has since complied with these directives.

plaintiff [to] enter judgment . . . against such settling defendant who has not paid" for the full amount set forth in the release, together with interest, costs and disbursements (CPLR 5003-a [e]). The dispute here centers on whether monies payable by a settling defendant to a third-party lienholder pursuant to a settlement agreement between a plaintiff and the defendant constitute a "sum[ ] due" to the plaintiff within the meaning of CPLR 5003-a. We hold that it does not.

"When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature" (*Yatauro v Mangano*, 17 NY3d 420, 426 [2011] [internal quotation marks and citations omitted]; *see Beck Chevrolet Co., Inc. v General Motors LLC*, 27 NY3d 379, 389-390 [2016]; *Matter of Level 3 Communications, LLC v Clinton County*, 144 AD3d 115, 117 [2016]). Our analysis is guided by the principle that "the text of a provision 'is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning' " (*Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 120 [2012], quoting *Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *see Matter of Shannon*, 25 NY3d 345, 351 [2015]; *Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55, 60 [2013]). Where, as here, the interpretation of a statute turns on the meaning of words not defined therein, "we construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase" (*Yaniveth R. v LTD Realty Co.*, 27 NY3d 186, 192 [2016] [internal quotation marks and citation omitted]; *accord Matter of Level 3 Communications, LLC v Clinton County*, 144 AD3d at 118; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 232 at 392-393; *People v Aragon*, 28 NY3d 125, 128 [2016]; *De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 21 NY3d 530, 537-538 [2013]).

CPLR 5003-a provides that a settling plaintiff is entitled to a judgment inclusive of interest, costs and disbursements on the amount set forth in the release in the event that a settling defendant fails to pay, within 21 days of tender of the release and stipulation discontinuing the action, "all sums due" to the settling plaintiff. Our analysis thus hinges on the meaning of the word "sum," a term that is not defined in the CPLR. Black's

Law Dictionary defines "sum" as a "quantity of money" (Black's Law Dictionary [10th ed 2014], sum). Likewise, the term "sum" is commonly defined and understood as "an indefinite or specified amount of money" (Merriam-Webster Online Dictionary, sum [http://www.merriam-webster.com/dictionary/sum]; Merriam-Webster's Collegiate Dictionary [11th ed 2003], sum). Notably, the Court of Appeals has held that, absent a controlling definition, the term "sums" "logically acquires its widely used meaning of indefinite or specified amount[s] of money" (*Ragins v Hospitals Ins. Co., Inc.*, 22 NY3d 1019, 1022 [2013] [internal quotation marks and citation omitted]).

Employing this commonly understood meaning of the word "sum," we conclude that CPLR 5003-a applies only to the nonpayment of settlement monies owed directly to a settling plaintiff pursuant to a settlement agreement. This construction is not only in accord with the plain language of the prompt payment mandate itself, but is also supported by the language of the statutory enforcement mechanism set forth in subdivision (e). CPLR 5003-a (e), the teeth that effectuate subdivision (a)'s prompt payment directive, authorizes an "unpaid plaintiff" to enter judgment inclusive of interest, costs and disbursements against the nonpaying settling defendant (CPLR 5003-a [e]). Simply put, plaintiff here is not "unpaid"—all sums required to be paid to him pursuant to the parties' settlement agreement (i.e., $3.25 million) were paid by defendant within the statutorily-prescribed 21-day time period. Had the Legislature intended to extend the reach of CPLR 5003-a to a settling defendant's failure to promptly pay all valuable consideration due a settling plaintiff pursuant to the parties' settlement agreement, it could have easily said so. It did not, and " 'a court cannot amend a statute by inserting words that are not there' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363; *see Myers v Schneiderman*, 140 AD3d 51, 58 [2016]; *see also* McKinney's Cons Laws of NY, Book 1, Statutes § 94 at 190 [explaining that "new language cannot be imported into a statute to give it a meaning not otherwise found therein"]).

Our interpretation of the statute finds further support in its legislative history. While the broadly stated purpose of CPLR 5003-a is to "encourage the prompt payment of claims which have been settled" (Assembly Sponsor's Mem of Support, Bill Jacket, L 1992, ch 269 at 5; *see Cunha v Shapiro*, 42 AD3d 95,

101-102 [2007], *lv dismissed* 9 NY3d 885 [2007]), the history surrounding the legislation confirms that it was enacted in response to a perceived problem of settling defendants "delay-[ing] substantially in forwarding the settlement check to the plaintiff[,] thereby resulting in the plaintiff losing the interest on that money during the delay" (Senate Introducer Mem in Support, Bill Jacket, L 1992, ch 269 at 8; *see* Div of Budget Mem in Support, Bill Jacket, L 1992, ch 269 at 10-11; Governor's Approval Mem, Bill Jacket, L 1992, ch 269 at 13). The statute thus seeks to provide "settling plaintiffs with important protections in attempting to collect money damages," by relieving such plaintiffs of "the burden of being forced to continually pursue defendants for money which is often essential to their well-being" and granting them rights "similar to those of plaintiffs who prevail in a litigation action in court when a money judgment is entered in their favor and bears interest from the date of its entry" (State Consumer Protection Bd Mem in Support, Bill Jacket, L 1992, ch 269 at 14-15). Nothing in the legislative history of CPLR 5003-a suggests that the Legislature intended to avail a settling plaintiff of the benefits bestowed by the statute in the event that a settling defendant fails to promptly pay a third party pursuant to the parties' settlement agreement. For these reasons, we find CPLR 5003-a to be inapplicable to the circumstances presented herein.

Rose, Mulvey, Aarons and Pritzker, JJ., concur.

Ordered that the order is affirmed, with costs.