Matter of McCray v CTS Enters., Inc. (2018 NY Slip Op 07997)





Matter of McCray v CTS Enters., Inc.


2018 NY Slip Op 07997


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

526132

[*1]In the Matter of the Claim of CAROLYN McCRAY, Respondent,
v
CTS ENTERPRISES, INC., Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Stephen J. Mastaitis of counsel), for appellant.
Law Firm of Alex Dell, PLLC, Albany (Alex C. Dell of counsel), for Carolyn McCray, respondent.
Barbara D. Underwood, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an amended decision of the Workers' Compensation Board, filed April 24, 2017, which ruled, among other things, that an employer-employee relationship existed between claimant and CTS Enterprises, Inc.
Claimant, a Florida resident, worked as an attendant on a train operated by CSX Transportation, Inc. (hereinafter CSX), providing dining services under the auspices of CTS Enterprises, Inc., doing business as All Team Staffing (hereinafter CTS). In June 2013, the train on which she was working stopped in New York, and she injured her right knee and leg while exiting it to purchase supplies. Claimant obtained medical treatment nearby and later filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter [*2]WCLJ) removed CSX from notice of the claim, observing that it was a railroad engaged in interstate commerce over which the Workers' Compensation Board had no jurisdiction. Subsequently, another WCLJ determined that the Federal Employers' Liability Act (see 45 USC § 51 et seq. [hereinafter FELA]) did not preclude the claim as to CTS, found that CTS was claimant's employer and assessed a penalty against it as an uninsured employer. Upon review, the Workers' Compensation Board issued an amended decision in which it modified to, among other things, add a finding that sufficient contacts to New York existed for the Board to have subject matter jurisdiction over the claim. CTS now appeals.
We reverse. FELA preempts state law remedies, including workers' compensation claims, "for railway employees injured in the course of employment when any part of that employment furthers interstate commerce" (Pappalardo v Long Is. R.R. Co., 36 AD3d 878, 879-880 [2007]; see Matter of Rodriguez v Reicon Group, LLC, 77 AD3d 1105, 1107 [2010]). An exception is contained in Workers' Compensation Law § 113, which empowers the Board to award workers' compensation benefits if "the claimant, employer and insurance carrier waive their federal rights and remedies" (Matter of Hyde v New York City Dept. of Transp., 37 AD3d 892, 893 [2007] [emphasis added]; see Matter of Meachem v New York Cent. R.R. Co., 8 NY2d 293, 299 [1960]; Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 555 [1952], affd 344 US 367 [1953]; Matter of Rodriguez v Reicon Group, LLC, 77 AD3d at 1107). This can be accomplished with an explicit waiver by all parties or, alternatively, when conduct such as " representation of the employer by experienced counsel; utilization by the parties of the [B]oard's machinery at a series of hearings resulting in a series of awards; and payment and acceptance of those awards" demonstrates an implied waiver (Matter of Meachem v New York Cent. R.R. Co., 8 NY2d at 300; see Mooney v City of New York, 219 F3d 123, 128-132 [2d Cir 2000], cert denied 531 US 1145 [2001]). Absent "a joint waiver or agreement evidencing an intention to be bound by" a workers' compensation award in lieu of the otherwise exclusive FELA remedy, the workers' compensation claim cannot proceed (Matter of Ahern v South Buffalo Ry. Co., 303 NY at 555; see Dacus v Spin-Nes Realty & Constr. Co., 22 NY2d 427, 431 [1968]).
Unlike the WCLJ, the Board did not find that FELA was inapplicable due to claimant's employment with CTS as opposed to CSX (see 45 USC § 51; Kelley v Southern Pac. Co., 419 US 318, 323-326 [1974]; Taylor v New York Cent. R.R. Co., 294 NY 397, 403-404 [1945], cert denied 326 US 786 [1946]). The Board instead determined that it could exercise jurisdiction over the workers' compensation claim because claimant had chosen that course instead of pursuing her rights under FELA [FN1]. Having apparently found FELA to be applicable, however, the Board needed to further find that CTS and the Uninsured Employers' Fund, acting as the workers' compensation carrier for CTS pursuant to Workers' Compensation Law § 26-a, had waived their "federal rights and remedies" under FELA (Matter of Hyde v New York City Dept. of Transp., 37 AD3d at 893; see Matter of Ahern v South Buffalo Ry. Co., 303 NY at 555). It is unclear whether the Board could find such a waiver given that a potential employer, CSX, was removed from notice of the claim, leading both CTS and the Uninsured Employers' Fund to argue that CSX was claimant's employer and that the Board therefore lacked jurisdiction to act pursuant to FELA. Regardless, "any review of that issue would . . . be 'premised upon speculation rather than upon the controlling substantial evidence standard'" (Matter of Searfoss v [*3]Anchor Glass Container Corp., 78 AD3d 1368, 1369 [2010], quoting Matter of Patterson v Long Is. Jewish Med. Ctr., 296 AD2d 774, 776 [2002]), and we accordingly remit so that the Board may determine "whether there has been a waiver by all parties" (Matter of Morris v Cleanco Indus. Servs., 84 AD2d 592, 593 [1981]; see Matter of Meachem v New York Cent. R.R. Co., 8 NY2d at 299).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This may not be accurate since CTS advises us, without contradiction, that it subsequently learned of a pending FELA action commenced by claimant against CSX in Florida.