Matter of Digbasanis v Pelham Bay Donuts Inc. (2024 NY Slip Op 00829)

Matter of Digbasanis v Pelham Bay Donuts Inc.

2024 NY Slip Op 00829

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

535640
[*1]In the Matter of the Claim of Anthony Digbasanis, Appellant,
v
Pelham Bay Donuts Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

George Poulos, Astoria, for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Pelham Bay Donuts Inc. and another, respondents.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed November 24, 2021, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
In May 2016, claimant sustained injuries to his back and right hip when he fell at work, and his claim for workers' compensation benefits was established. In May 2019, claimant was classified as having a permanent partial disability with a 70% loss of wage-earning capacity. Claimant was found to be unattached to the labor market at the time of classification and was deemed ineligible for benefits. In September 2019, claimant returned to work and he was found to have reattached to the labor market and was awarded benefits for reduced earnings beginning September 23, 2019 and continuing.
In May 2021, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a request for further action regarding the ongoing awards for reduced earnings, citing lack of proof of claimant's employment. At a hearing on the request, claimant testified that he stopped working on March 16, 2020 due to the COVID-19 pandemic and because his back was hurting. Claimant also presented a May 2020 medical report from a pain specialist that opined that clamant was suffering from a total temporary disability at that time due to pain. Following the hearing, the Workers' Compensation Law Judge found that claimant's separation from employment was involuntary and continued benefits. Upon review, the Workers' Compensation Board reversed, finding that claimant voluntarily removed himself from the labor market and the benefits awarded as of March 16, 2020 were rescinded. Claimant appeals.
Claimant contends that, pursuant to Workers' Compensation Law § 15 (3) (w), he should not be required to show an ongoing attachment to the labor market once he reattached in September 2019. We disagree. "When presented with a question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature" (Yatauro v Mangano, 17 NY3d 420, 426 [2011] [internal quotation marks and citations omitted]; accord Ronkese v Tilcon N.Y., Inc., 153 AD3d 259, 262 [3d Dept 2017]). In 2017, the Legislature amended Workers' Compensation Law § 15 (3) (w) to provide, in part, that in certain cases of permanent partial disability, "[c]ompensation
. . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (see L 2017, ch 59, part NNN). For the amended statute to relieve a claimant from the burden of demonstrating ongoing attachment, "the claimant must have been classified initially as permanently partially disabled and found to be entitled to a loss of wage earnings compensation award" (Matter of O'Donnell v Erie County, 35 NY3d 14, 21 [2020]; see Matter of Scott v Visiting [*2]Nurses Home Care, 172 AD3d 1868, 1872 [3d Dept 2019], lv dismissed 34 NY3d 1011 [2019]). Here, at the time claimant was classified as permanently partially disabled, he was found to be unattached to the labor market and, therefore, was not entitled to benefits at that time. Accordingly, the 2017 amendment to Workers' Compensation Law § 15 (3) (w) does not apply to claimant and, despite claimant's subsequent reattachment after classification, claimant was not thereafter relieved of his obligation to show an ongoing attachment to the labor market.[FN1]
Claimant also argues that the Board erred in finding that he voluntarily removed himself from the labor market on March 16, 2020. "Generally, a claimant who voluntarily withdraws from the labor market is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the withdrawal" (Matter of Castro v Baybrent Constr. Co., 187 AD3d 1296, 1297 [3d Dept 2020] [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of Coll v Cross Country Constr., 202 AD3d 1236, 1237 [3d Dept 2022]). "Whether a claimant has voluntarily withdrawn from the labor market presents a factual issue for the Board to resolve, and the Board's determination — if supported by substantial evidence — will not be disturbed" (Matter of Molander v New York City Tr. Auth., 209 AD3d 1092, 1093 [3d Dept 2022] [citations omitted]; see Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1575 [3d Dept 2019]). Claimant testified that he stopped working on March 16, 2020 because of the COVID-19 pandemic but that he also had back pain at that time and suffered from diabetes. The record contains medical reports from claimant's treating pain management specialist prepared between May 12, 2020 and April 9, 2021. In these reports, the specialist opined that claimant had a total temporary disability due to pain during that time period but offered no opinion as to causation or regarding claimant's reason for leaving his employment. In our view, the Board correctly concluded that the medical evidence in the record was insufficient to support claimant's contention that he left his employment due in part to his disability and, deferring to its "broad authority to make credibility determinations and to draw reasonable inferences from the record evidence" (Matter of Vasquez v Northstar Constr. Group Servs. Inc., 205 AD3d 1250, 1253 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]), substantial evidence supports its conclusion that claimant voluntarily removed himself from the labor market (see Matter of Molander v New York City Tr. Auth., 209 AD3d at 1094-1095; Matter of Romanko v New York Univ., 154 AD3d 1031, 1032-1033 [3d Dept 2017]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be without merit.
Garry, P.J., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs[*3].

Footnotes

Footnote 1: We note that the Board General Counsel's interpretation of Workers' Compensation Law § 15 (3) (w) supports our conclusion that claimant is required to show an ongoing attachment to the labor market (see Letter from David F. Wertheim, Workers' Compensation Board General Counsel, May 23, 2017, Bill Jacket, L 2017, ch 59 at 29 ["Under (Workers' Compensation Law) § 15 (3) (w), a claimant who is not attached to the labor market at the time of classification, but later demonstrates attachment to the labor market and is awarded lost earnings, can still be required to demonstrate an ongoing attachment to the labor market."]).