**RECTICEL FOAM CORP., INC. and Rus Inc., Plaintiffs–Appellees,**

v.

**BAY INDUSTRIES, INC. and Sac Inc., Defendants–Appellants.**

No. 04–3413.

United States Court of Appeals, Second Circuit.

April 7, 2005.

Douglas J. Klingberg (Mary Sue Anderson, on the brief, Christopher R. Belmonte, Walter A. Saurack, Satterlee, Stephens, Burke & Burke, LLP, New York, NY,), Ruder, Ware & Michler, L.L.S.C. Wausau, WI, for Appellants, of counsel.

Richard A. De Palma (Kathryn M. Ryan, Lindsay A. Bush, on the brief), Coudert Brothers, LLP, New York, NY, for Appellees.

PRESENT: WINTER, McLAUGHLIN and CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendants appeal from the entry of final judgment in favor of plaintiffs following a bench trial with an advisory jury.

Defendants raise three main arguments on appeal. They first assert that the District Court effectively rewrote the contract agreed to by the parties when it found that Bay Industries had manifested intent to be bound by the contract and that the District Court erred in piercing the corporate veil to hold Bay liable for breach of contract. As the District Court noted, New York law provides that if a party objectively manifests an intent to be bound by a contract, that intent controls, even if the party does not sign the written agreement. *RUS, Inc. v. Bay Industries, Inc.*, No. 01 Civ. 6133(GEL), 2004 WL 1240578, at *20 (S.D.N.Y. May 25, 2004) (citing *Mencher v. Weiss*, 306 N.Y. 1, 7, 114 N.E.2d 177 (1953); *Ahern v. S. Buffalo Ry. Co.*, 303 N.Y. 545, 561, 104 N.E.2d 898 (1952)); *see also Warnaco Inc. v. VF Corp.*, 844 F.Supp. 940, 946 (S.D.N.Y.1994) (holding that "[a] parent corporation may become a party to its subsidiary's contract if the parent's conduct manifests an intent to be bound by the contract"). The question of intent is a question of fact for the District Court and we review for clear error. *Fisher v. Vassar College*, 114 F.3d 1332, 1376 (2d Cir.1997) (en banc); *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 199 (2d Cir.2003). We see no basis for concluding that the District Court clearly erred in concluding that Bay manifested the intent to be bound by the contract. Furthermore, we agree with the District Court's holding that "SAC's corporate veil should be pierced and Bay held liable to Recticel for damages flowing from the breach," for the reasons stated in the District Court's May 25, 2004 Findings of Fact and Conclusions of Law. *RUS, Inc. v. Bay Industries, Inc.*, 2004 WL 1240578, at *21-*22.

Defendants next claim that the District Court erred by failing to consider defendants' Material Adverse Change clause de-

800

fense. In reviewing this claim, we first note that because the trial was a bench trial with an advisory jury, the fact that the District Court refused to submit the claim to the jury is immaterial, and, insofar as the District Court allowed defendants a full presentation of evidence on this defense, we will treat the District Court's decision on the material adverse change defense as a straightforward rejection of that defense.

■ With regard to the merits of that decision, even if plaintiffs are correct that a failure of defendants to satisfy the material adverse change clause would have given them legitimate grounds to avoid closing the transaction, it is apparent that the District Court did not find any material adverse change in this case. In rejecting this defense at the trial, the District Court stated that "I have not seen anything that looks like a material adverse change," and "let me disabuse everyone of the notion that [the expert witness's] account of what the company was worth constitutes material adverse change." The District Court's analysis at trial clarifies that the testimony of the defendants' owner that this clause was not the basis for the failure to close not only demonstrated that the defense was manufactured for trial, but also served as evidence that defendants themselves did not believe a material adverse change to have occurred, thus supporting the District Court's own conclusion that there was no material adverse change. We cannot conclude that the District Court committed clear error in finding that there was no material adverse change at the time of closing.

Finally, defendants claim that the District Court erred in its calculation of damages. We conclude that the District Court correctly determined the amount of damages, for the reasons stated in its May 25, 2004 Findings of Fact and Conclusions of Law. *RUS, Inc. v. Bay Industries, Inc.*, 2004 WL 1240578, at *22–*24.

We have considered all of defendants' claims on appeal and found them to be without merit. We hereby AFFIRM the judgment of the District Court.