17-1184(L)
Silverman v. Teamster Local 210

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of June, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*,
             RICHARD J. SULLIVAN,[1]
                     *District Judge*.

_____

LEON SILVERMAN, AS A TRUSTEE OF THE UNION MUTUAL,

        *Plaintiff-Appellee-Cross-Appellant*,

LOUIS FLACKS, TRUSTEE OF THE UNION MUTUAL MEDICAL FUND, PAUL BERKMAN, TRUSTEE OF THE UNION MUTUAL MEDICAL FUND, UNION MUTUAL MEDICAL FUND, JAMES CROWLEY, TRUSTEE OF THE UNION MUTUAL MEDICAL FUND,

        *Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants*,

JANET SACHS, TRUSTEE OF THE UNION MUTUAL MEDICAL FUND, HERBERT POBINER, TRUSTEE OF THE UNION MUTUAL MEDICAL FUND,

        *Plaintiffs-Counter-Defendants-Appellants*,

    v.                                          Nos. 17-1184, 17-1480

_____

[1] Judge Richard J. Sullivan, United States District Court for the Southern District of New York, sitting by designation.

TEAMSTER LOCAL 210 AFFILIATED HEALTH AND INSURANCE FUND,

*Defendant-Appellant-Cross-Appellee.*[2]

_____

Appearing for Appellant:     Roland R. Acevedo (Thomas A. Thompson, Yarmouth, Maine, *on the brief*), New York, N.Y.

Appearing for Appellee:     Robert J. Kipnees, Lowenstein Sandler LLP (Michael A. Kaplan, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

The trustees of Teamsters Local 210 Affiliated Health and Insurance Fund and Teamsters Local 210 Affiliated Health and Insurance Fund (collectively, "210 Fund") appeal from the October 3, 2018 opinion and order of the United States District Court for the Southern District of New York (Ramos, J.) granting summary judgment to the trustees of the Union Mutual Medical Fund and the Union Mutual Medical Fund (collectively, "UMMF"). The district court awarded UMMF $2,460,777.33, resolving a decade-long litigation regarding which of the two employee benefit funds were entitled to certain contributions made by employers pursuant to a number of collective bargaining agreements. The district court also awarded UMMF $1,246,211.80 in prejudgment interest, plus post-judgment interest. The 210 Fund moved for reconsideration of the calculation of prejudgment interest and the district court denied the motion on April 10, 2017. The 210 Fund also appeals from that decision. The UMMF cross appeals from the district court's July 23, 2015 decision that its state law claims were preempted by the Labor Management Relations Act ("LMRA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The 210 Fund argues that in allowing UMMF to amend its complaint to assert claims under the LMRA, the district court violated this Court's mandate in *Silverman v. Miranda*, 761 F.3d 277 (2d Cir. 2014). The 210 Fund argues the mandate limited the district court to consider only whether to exercise supplemental jurisdiction over UMMF's state law claims. Once the district court concluded that those claims were preempted by the LMRA, the 210 Fund argues, that should have ended the district court's inquiry.

"We determine de novo the meaning of a previous mandate of this Court." *Brown v. City of New York*, 862 F.3d 182, 184 (2d Cir. 2017). It is well-settled that a district court cannot stray from the mandate issued by an appellate court, such that "[w]here a mandate limits the issues open for consideration on remand, a district court cannot ordinarily consider additional issues." *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015). "We consider both the express terms and broader spirit of the mandate to ensure that its terms have been scrupulously and fully

_____

[2] The Clerk of the Court is directed to amend the caption as above.

carried out." *Id.* (internal quotation marks omitted). However, "the mandate is controlling only as to matters within its compass." *Statek Dev. Corp. v. Dev. Specialists, Inc.*, 809 F.3d 94, 98 (2d Cir. 2015) (internal quotation marks omitted). "When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *Id.*

The district court did not impermissibly exceed the scope of this Court's mandate on remand. The mandate here directed the district court to conduct "further proceedings in accordance with the opinion of this Court." *Silverman*, 761 F.3d at 288. Nothing in our opinion restricted the district court from considering LMRA preemption, so the district court did not violate our mandate when it exercised its discretion to permit amendment of the complaint. *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175–76 (2d Cir. 2014) (where appellate court does not consider an issue, mandate rule does not preclude the district court from deciding the case on alternate grounds).

We also reject the 210 Fund's argument that the district court lacked subject matter jurisdiction under Section 201 of the LMRA because the 210 Fund was not a signatory to the underlying collective bargaining agreements ("CBAs"). *See, e.g., Loss v. Blankenship*, 673 F.2d 942, 946 (7th Cir. 1982) ("[C]ourts construing the statute have held that [S]ection 301(a) does not provide the basis for an LMRA claim against a nonparty to the underlying collective bargaining agreement."); *see also id.* at 346-47 (collecting cases). Here, however, the 210 Fund was a party to the CBAs. The Allied Welfare Fund ("AWF") became a party when it performed that obligations prescribed to it in the CBAs and "manifested an intent to be bound" by the CBAs, including the obligation to remit payments to the UMMF. *See MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 396-98 (S.D.N.Y. 2009); *see also RUS, Inc. v. Bay Indus., Inc.*, No. 01-cv-6133, 2004 WL 1240578, at * 20 (S.D.N.Y. May 25, 2004); *aff'd sub nom. Recticel Foam Corp. v. Bay Indus. Inc.*, 128 F. App'x 798 (2d Cir. 2005) (summary order). The 210 Fund, which described itself as a successor-in-interest to the AWF, *see Fishbein v. Miranda*, 670 F. Supp. 2d 264, 273 n.3 (S.D.N.Y. 2009), became a party to the CBAs when it assumed the obligations of the AWF. *See Burden v. Robertson*, 7 F.2d 266, 266 (2d Cir. 1925) ("No one doubts that one may assume a contract which he did not originally make . . ."). Contrary to what the 210 Fund argues, it was not simply an intermediary—it was a party. As such the UMMF, as a third-party beneficiary of the CBAs, was entitled to enforce the CBAs against the 210 Fund pursuant to Section 301.

We also reject the 210 Fund's argument that the district court lacked subject matter jurisdiction under Section 301 of the LMRA because the 210 Fund was not a signatory to the underlying collective bargaining agreements ("CBAs"). *See, e.g.*, *Loss v. Blankenship*, 673 F.2d 942, 946 (7th Cir. 1982) ("[C]ourts construing the statute have held that [Section] 301(a) does not provide the basis for an LMRA claim against a nonparty to the underlying collective bargaining agreement."); *see also id.* at 946-47 (collecting cases). Here, however, the 210 Fund was a party to the CBAs. The Allied Welfare Fund ("AWF") became a party when it performed that obligations prescribed to it in the CBAs and "manifested an intent to be bound" by the CBAs, including the obligation to remit payments to the UMMF. *See MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 396-98 (S.D.N.Y. 2009); *see also RUS, Inc. v. Bay Indus., Inc.*, No. 01-cv-6133, 2004 WL 1240578, at *20 (S.D.N.Y. May 25, 2004); *aff'd sub nom. Recticel Foam Corp. v. Bay Indus., Inc.*, 128 F. App'x 798 (2d Cir. 2005) (summary order). The

210 Fund, which described itself as a successor-in-interest to the AWF, *see Fishbein v. Miranda*, 670 F. Supp. 2d 264, 273 n.3 (S.D.N.Y. 2009), became a party to the CBAs when it assumed the obligations of the AWF. *See Burden v. Robertson*, 7 F.2d 266, 268 (2d Cir. 1925) ("No one doubts that one may assume a contract which he did not originally make . . . ."). Contrary to what the 210 Fund argues, it was not simply an intermediary—it was a party. As such the UMMF, as a third-party beneficiary of the CBAs, was entitled to enforce the CBAs against the 210 Fund pursuant to Section 301.

Further, there is no merit to the 210 Fund's argument that the district court erred when it refused to recalculate pre-judgment interest. The 210 Fund abandoned any objection it could have made to the district court's April 10, 2017 order because its opening brief fails to address the principal dispositive ground on which the district court based its decision to deny the motion, and because we see no manifest injustice in the result. *See, e.g., Garcia v. Hartford Police Dep't*, 706 F.3d 120, 130-31 (2d Cir. 2013).

We affirm the district court's judgment for the reasons set forth in the several thorough opinions below. As to UMMF's cross-appeal, the district court correctly applied Supreme Court precedent in dismissing UMMF's state law claims as preempted by the LMRA.

We have considered the remainder of the arguments made by the 210 Fund and UMMF and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk